[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 09-16508
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-22315-CV-FAM

GLOBAL HORIZONS INCORPORATED,
a California Corporation,

Plaintiff-Counter
Defendant-Appellant,

versus

DEL MONTE FRESH PRODUCE, N.A., INC.,
a Florida Corporation a.k.a.
Country Best Inc., d.b.a.
Del Monte Fresh Produce Company,

Defendant-Counter
Claimant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2010)

Before TJOFLAT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Global Horizons appeals the district court's denial of Plaintiff's Motion to Extend Time to File Notice of Appeal, arguing that the district court should have granted the motion based on "excusable neglect" under Federal Rule of Appellate Procedure 4(a)(5). We review the district court's decision for an abuse of discretion. *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 977 (11th Cir. 1997).

A party in a civil case must file a notice of appeal "within 30 days after the judgment or order appealed from is entered" to invoke the jurisdiction of the appellate court. Fed. R. App. P. 4(a)(1)(A); *United States v. Grant*, 256 F.3d 1146, 1150 (11th Cir. 2001). "The timely filing of a notice of appeal is a mandatory prerequisite to the exercise of appellate jurisdiction." *Grant*, 256 F.3d at 1150 (quotation omitted). Federal Rule of Appellate Procedure 4(a)(5)(A)(ii), however, allows a district court, in its discretion, to extend the time to appeal if the party establishes "excusable neglect or good cause" to justify the late filing.

In the context of a bankruptcy proceeding, the Supreme Court set forth several factors courts should take into account to determine whether a party's neglect of a deadline is excusable under the Bankruptcy Code. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 113 S. Ct. 1489. We have determined that these factors are also applicable in the Rule 4(a)(5) context; thus

2

we have held that, in determining whether a party has demonstrated excusable neglect, courts should "'tak[e] account of all relevant circumstances surrounding the party's omission,' including 'the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Advanced Estimating Sys. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (quoting *Pioneer*, 507 U.S. at 395, 113 S. Ct. at 1498).

Here, the district court recited the *Pioneer* standard for excusable neglect and determined that "all the *Pioneer* factors balanced together weigh in Defendant's favor." Specifically, the court determined that miscalendaring a deadline was within the reasonable control of the Plaintiff, and that the "cumulative effect" of the Plaintiff's missed deadlines exhibited an absence of good faith. Reviewing the decision by the district court for abuse of discretion, *Advanced Estimating Sys.*, 130 F.3d at 997, we discern no reversible error in the district court's decision to refuse to extend the time for the Plaintiff to appeal.[1]

Upon careful consideration of the record and the parties' briefs, we affirm.

---

[1] Because we lack jurisdiction over this appeal absent a timely notice of appeal, *Grant*, 256 F.3d at 1150, we do not reach the additional issues raised by Appellant in the initial brief.

AFFIRMED.[2]

---

[2] Appellant's request for oral argument is DENIED.